IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Atwell v. Dean,** *et al.* | : | **Civil No. 1:CV-06-1046** |
| **Atwell v. Metteran,** *et al.* | : | **Civil No. 1:CV-06-1047** |
| **Atwell v. Schweiker,** *et al.* | : | **Civil No. 1:CV-06-1048** |
| | : | |

## MEMORANDUM AND ORDER

**I.    Background**

Before the court are three cases filed by Plaintiff.  On June 7, 2006, Plaintiff filed a motion in each case entitled "Motion with Supporting Affidavit for the Dismissal of Assigned District Court Judge for this Action . . . ."  Each motion cites 28 U.S.C. §§ 144, 455(a) and 455(b)(1) as the bases for the motions.

**II.    Discussion**

**A.  Title 28 U.S.C. § 144**

Title 28 U.S.C. § 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The court will deem the filing timely but no affidavit of good faith accompanies the motion. The court will, however, address the portion of the motion based on § 144 on the merits.

In reviewing a section 144 affidavit the court must not pass on the factual merit of any allegation but must restrict its analysis to the legal sufficiency of the allegation. *United States v. Rankin*, 870 F.2d 109, 110 (3d Cir. 1989); *United States v. Boffa*, 513 F. Supp. 505 (D.C. Del. 1981). An affidavit will be deemed sufficient only if it gives fair support to a charge of bent of mind that may prevent or impede impartiality of judgment. *King v. United States*, 434 F. Supp. 1141 (N.D.N.Y. 1977), *aff'd*, 576 F.2d 432 (2nd Cir. 1978), *cert. denied*, 439 U.S. 850 (1978). For bias to exist it must be personal and stem from extrajudicial sources. *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985). The bias must be grounded in some personal animus or malice which the judge harbors against a party. In addition, the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions or rumors are insufficient. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citation omitted).

Petitioner's allegations of bias are that this court (1) has made adverse rulings against him in other cases; (2) has a conflict of interest; (3) rules against petitioner in retaliation for a previous judicial complaint filed with the Third Circuit against this judge; and (4) the Third Circuit has remanded previous decisions related to Petitioner's cases.

### 1. Previous Adverse Rulings

In *Liteky v. United States*, 510 U.S. 540 (1990), the United States Supreme Court stated that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555. *See also Molinero v. Hart Electronics Corp.*, 516 F. Supp. 19 (M.D. Pa. 1981), *aff'd without op.*, 696 F.2d 982 (3d Cir. 1982). Petitioner's allegations do not amount to deep-seated favoritism or antagonism.

### 2. Conflict of Interest

Petitioner concludes that because the undersigned judge was once a Common Pleas judge and therefore an employee of the Commonwealth of Pennsylvania that she is biased in favor of the Commonwealth defendants. The undersigned judge was a Common Pleas judge thirty years ago.

In *Bumpus v. Uniroyal Tire Co. Div. of Uniroyal, Inc.*, 385 F. Supp. 711 (E.D. Pa. 1974), the court held that a judge who more than a decade ago was a law partner of an attorney who later appears before the judge was insufficient to require disqualification. While not factually similar, certainly an individual who was a judge under the Pennsylvania court system thirty years ago, who had no connection personally or judicially to the current Commonwealth defendants, is patently insufficient to require recusal. Furthermore, this allegation of bias is conclusory and insufficient to support his claim.

### 3. Retaliation Because of Filing a Judicial Complaint

This allegation is again conclusory. This judge has no knowledge of the filing of a judicial complaint against her. When a judicial complaint is filed against a judge, unless the judicial council determines a response by the judge is necessary, the judge has no knowledge of the complaint. This claim of bias is without merit.

### 4. Third Circuit Remands

Petitioner claims that there were some remands from the Third Circuit Court of Appeals to this court on some decisions in other cases filed by Petitioner. He claims that as a result of said remands, this court has a bias or is retaliating against him. This claim is conclusory and speculative. *Samuel v. University of Pittsburgh*, 395 F. Supp. 1275 (W.D. Pa. 1975), *vacated on other grounds*, 538 F.2d 991 (3d Cir. 1976). This claim does not provide a basis upon which a reasonable man might discern prejudice of a just reason for disqualification.

Petitioner has failed to state a claim for recusal under 28 U.S.C. § 144.

**B. Title 28 U.S.C. § 455(a) and (b)(1)**

Title 28 U.S.C. § 455(a) requires recusal in any case "in which impartiality might reasonably be questioned." The reasons cited above used to make a claim under § 144 are also presented in support of the claims under § 455(a) and (b)(1). Again, the case of *Liteky v. United States*, 510 U.S. at 540 applies to these sections – refusals to recuse when the alleged partiality did not derive from an extra-judicial source are proper. As discussed above, none of the complaints derive from an extra-judicial source.

Subsection 455(b)91) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding." "Recusal under 455(b)(1) 'is required only if actual bias or prejudice is proved by compelling evidence.' " *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 1996). An affidavit must be strictly construed against the party seeking disqualification, *Beland v. United States*, 117 F.2d 958 (5th Cir. 1941), ". . . and a judge must be presumed qualified and there must be a substantial burden upon the affiant to show grounds for believing the contrary." *In re Leader Corp.*, 292 F.2d 381, 389 (1st Cir. 1961). Petitioner has not met this burden.

### III.    Conclusion/Order

Based on the foregoing, **IT IS HEREBY ORDERED THAT** the motions filed to the captioned cases entitled "Motion with Supporting Affidavit for the Dismissal of Assigned District Court Judge for this Action . . . ." are deemed to be motions to recuse the undersigned and the motions are **DENIED**. This court declines to recuse from the captioned cases.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: June 14, 2006.