IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GEOFFREY WILLARD ATWELL**  :  **CIVIL NO. 1:CV-06-1047**
      **Plaintiff**  :
      **v.**  :
**M.R. METTERAU; C.R. STICKLER,**  :
      **Defendants**  :

## MEMORANDUM AND ORDER

Geoffrey Atwell, a former inmate, filed the instant complaint, alleging that upon his release from prison, his personal possessions were searched in the I.D. room at the State Correctional Institution at Dallas by correctional officers Watterall (incorrectly identified as M.R. Metterau) and Sergeant Swicklik (incorrectly identified as C.R. Stickler).  As a result of that inventory, Plaintiff claims the officers took his "personal legal papers, legal supplies of paper, pens, envelopes, personal clothing, personal television, and deliberately mixed up the balance of legal file papers." (*See* Complaint at ¶ 2A.)  Plaintiff avers that this alleged taking constituted a conspiracy on the part of Defendants to violate his First, Fifth, Eighth and Fourteenth Amendment rights.[1]

Defendants have filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil

---

[1] Various other proceedings have transpired in this action which are set forth in Defendants' Brief in Support of their motion to dismiss and will not be recounted here.

Procedure 12(b)(6). On August 17, 2006, plaintiff filed a response and on August 18, 2006, Defendants filed a reply.

On September 5, 2006, without leave of court, Plaintiff filed another response to Defendants' motion to dismiss. In that supplemental response, Plaintiff reiterates arguments made in his first brief and expands upon his claim of denial of access to court. Defendants filed a supplemental reply brief addressing only the denial of access to courts.[2] The matter is ripe for disposition.

Defendants, in their brief in support of the motion to dismiss, have addressed the standard of review for a Rule 12(b)(6) motion; the Eleventh Amendment bar to monetary damages from defendants acting in their official capacity; the failure to state a claim of conspiracy; the failure to state a claim of "denial of access to courts"; and the Eighth Amendment claim. Defendants' motion is supported by proper case law and Plaintiff's response does not dispute any of the case law in support of Defendants' motion to dismiss.

Plaintiff makes two claims in his initial response. First, he claims that Defendants failed to comply with Federal Rule of Civil Procedure 12(a)(1)(A) because they have not filed an answer within 20 days of service as required by that rule. Rule 12(b), however, permits the filing of a motion, such as the instant one, before the filing of a responsive pleading. Plaintiff was formerly advised of this in previous cases. Second, Plaintiff claims that Defendants have violated Local Rule 7.5. Local Rule 7.5 requires a moving party to file a supporting brief within ten

---

[2] On September 26, 2006, Plaintiff filed a motion for leave to respond to this supplemental reply. The supplemental reply was filed by Defendants in response to Plaintiff's unauthorized supplemental response. Plaintiff has had sufficient opportunity to present his arguments. The request for leave to file a supplemental reply will be denied.

days of the filing date of the motion. Federal Rule of Civil Procedure 6, however, provides that "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Defendants' motion to dismiss was filed on August 3, 2006. The brief in support was due August 17, 2006 and it was filed on August 16, 2006. Thus, the brief was timely filed and Plaintiff's second claim is also without merit.

On the issue of denial of access to court, Plaintiff argues that as a result of the taking and mixing of his legal papers, the following cases have been impeded in the court: (1) *Atwell v. Duran, et al.*, No. 1:CV-99-1533 (M.D. Pa.); (2) *Atwell v. Laven, et al.*, No. 1:CV-03-1728 (M.D. Pa.); (3) *Atwell v. Laven, et al.*, No. 4:CV-04-1049; (4) *Atwell v. Duran, et al.*, Nos. 00-4136/01-4161 (3d Cir.); (5) *Atwell v. Laven, et al.*, Nos. 04-2340/04-3038 (3d Cir.); and (6) *Atwell v. Laven, et al.,* No. 04-3048 (3d Cir.). Along with Defendants' reply brief is an appendix with six exhibits. The exhibits are all the docket entries for each of the cases cited above. The docket entries show active litigation since the alleged paper taking and no negative action appears to have been taken because Plaintiff was unable to comply with any court order due to missing documents. In fact, Plaintiff does not specifically set forth which missing document in anyway denied his access to court. A plaintiff must alleged an actual injury to his litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996).

Defendants' examination of the docket entries in each of the cases cited above shows that in each case the access to court claim is without merit. Plaintiff fails to establish that he suffered or continues to suffer actual injury to his litigation efforts.

Based on the foregoing discussion, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion for leave to file a supplemental reply is **DENIED**.

2) Defendants' motion to dismiss is **GRANTED** and the captioned action is dismissed as frivolous.

3) The Clerk of Court shall close the file.

4) Any appeal from this order will be deemed frivolous and not taken in good faith.

                    s/Sylvia H. Rambo
                    SYLVIA H. RAMBO
                    United States District Judge

Dated: September 28, 2006.